UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION            )
LABORERS WELFARE FUND, et al.,            )
                                          )
        Plaintiffs,                       )
                                          )
    vs.                                   )        Case No. 4:12-CV-2216-JAR
                                          )
JOSEPH YOVANOVITCH, an individual         )
d/b/a AMERICAN TRADERS, INC.,             )
                                          )
        Defendant.                        )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Order to Compel an

Accounting [ECF No. 4].

Plaintiffs bring this action under Section 301 of the Labor Management Relations Act of

1947, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income

Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132. Plaintiffs seek a default order

of accounting. Thereafter, Plaintiffs will seek a judgment for delinquent contributions and other

amounts Defendant Joseph Yovanovitch d/b/a American Traders, Inc., ("Yovanovitch") owes to

the Plaintiff Funds. Defendant was served with the summons and complaint on January 14, 2013

and has not entered an appearance or filed any other responsive pleading. On February 19, 2013,

the Clerk's entry of default was entered [ECF No.7].

Defendant Yovanovitch executed an agreement on March 21, 2011, under the name

American Traders, Inc., agreeing to be bound to a collective bargaining agreement between

Laborers Locals 42-53-110 and the Site Improvement Association, effective from March 1, 2009

through February 28, 2014. The collective bargaining agreement requires employers to make

contributions to the Laborers Benefit Funds on the basis of all hours worked by covered employees, and requires employers to submit monthly contribution report forms. It further requires the payment of twenty percent (20%) liquidated damages on delinquent contributions, as well as interest, attorneys' fees, and payroll examination costs.

Plaintiffs seek an order compelling Yovanovitch to submit to an audit. Yovanovitch has not submitted any of the required monthly contribution report forms since he became bound by the agreement on March 21, 2011. Absent an audit, it will be impossible to determine the amounts owed by Yovanovitch. The collective bargaining agreement to which Yovanovitch is bound authorizes Plaintiffs to conduct an audit. In addition, ERISA authorizes this Court to grant equitable relief such as an accounting in an action for delinquent contributions. See 29 U.S.C. § 1132(g)(2)(E). Moreover, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides in relevant part that:

> The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order to Compel an Accounting [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Joseph Yovanovitch, an individual d/b/a/ American Traders, Inc., submit to an audit for the period March 21, 2011 to date.

**IT IS FURTHER ORDERED** that the failure of Defendant Joseph Yovanovitch, an individual d/b/a/ American Traders, Inc., to comply with this Order may result in sanctions.

Dated this 1st day of March, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE